## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release, made on this 4th day of February, 2020 between the parties He Cheng Restaurant Corp. d/b/a Ayame Hibachi & Sushi, Ping An Xi Le Inc., d/b/a Ayame Hibachi & Sushi, Jian Tu, Sheng Le Chen, Bao May, and Qing Chi Cai, (Collectively as "Defendants"), and Dao Feng Wang ("Plaintiff") (all parties herein may jointly be referred to in this Settlement Agreement as the "Parties");

The terms of this Agreement were agreed upon and took place before the Court.

## RECITALS

A. **WHEREAS**, Plaintiff filed an action against Defendant, Known as *DAO FENG WANG V. PING AN XI LE INC., et al.,* in the United States District Court, District of New Jersey, Case Number:2:19-CV-20397-JMV-JAD (hereinafter, "the Legal Action" or "Action").

B. **WHEREAS** the Plaintiff filed his Complaint, which was served on or about December 29, 2019.

C. **WHEREAS,** no Court has considered or determined the claims presented therein the Action;

D. **WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, Qinyu Fan, Esq., Hang and Associates, PLLC, 136-20 38th Ave, Suite 10G, Flushing, NY 11355;

E. **WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Heng Wang, Esq., Wang, Gao & Associates, P.C., 36 Bridge Street, Metuchen, NJ 08840; and

F. **WHEREAS**, Plaintiff and Defendants admit no wrongdoing nor any liability with respect to the allegations, claims, and/or counterclaims raised in the Action;

G. **WHEREAS**, the Settling Parties desire to fully and finally settle and resolve any and all disputes between them pertaining to the allegations, claims, and counterclaims raised in the Action;

**NOW THEREFORE**, the parties hereto agree as follow:

## AGREEMENT

**1.      Settlement Amount**

In consideration of this Settlement Agreement and Release and withdrawal of the lawsuit Plaintiffs filed in the United States District Court District of New Jersey, Case Number:2:19-CV-20397-JMV-JAD and in compliance with the promises, covenants, conditions, and agreements made herein,

Plaintiff and Defendants reached an enforceable settlement agreement, whereby Defendants will make a lump sum payment of $8,000 to settle the entire case, including without limitation attorney's fees and costs. Payments shall be made by certified check payable to the Truest Account of Hang & Associates, PLLC and shall be delivered to Hang & Associates, PLLC; the payment is due within 30 days after the date of Court's approval of this Settlement. Upon full execution of this agreement, Hang & Associates, PLLC shall provide a properly executed W-9 form. Defendants shall issue a IRS Form 1099 to Hang & Associates, PLLC after making the $ 8,000 payment in full.

**2.      No Other Payments Due**

Except as specifically provided in this Agreement, Plaintiff agrees that he is not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holiday, accrued leave, paid leave, or any other form or kind of payment or compensation from the Defendants, including any attorneys' fees or costs occurred before or on the date of execution of this Settlement Agreement.

**3.      Indemnification**

No representations have been made to Plaintiff by Defendants regarding the taxability of the monies referred to in this Section 1. Plaintiff and his Counsel understands that they will be responsible for paying any and all taxes related to the payment received pursuant to this Agreement, be fully responsible for any and all taxes, as well as any judgment or orders, fines and penalties that may be imposed on Defendants, and will defend and indemnify Defendants in all such proceedings. The taxability of the settlement monies shall not affect the validity of this Agreement.

**4.      Breach of Payment**

In the event that the Defendants fails to make the aforementioned settlement payments or title transfers, the entire unpaid balance due under this Agreement, plus interest will become immediately due and payable, and the Plaintiff may take action available to enforce this Agreement.

5.  **Release**

Upon receipt of the specific settlement sums due from Defendants, the Plaintiff shall release any and all claims including without limitation of the wage and hour claims, which were actually asserted, or which could have been asserted, against Defendants concerning Plaintiff's employment with, or arising from their employment with, Defendants, pursuant to the FLSA, New Jersey Wage and Hour Laws, or other statutory or common law, which were asserted during the course of this litigation, including, but not limited to, claims for unpaid overtime, unpaid minimum wage, unpaid tips, tip credits, as well as claims for failure to maintain and/or provide wage statements or records.

6.  **No Admission of Liability.**

This Settlement Agreement is intended to have the broadest possible application and includes, but is not limited to, any tort, contract, common law, constitutional or other statutory claims arising out of any federal, state, or local laws. The Settlement Agreement releases set forth herein shall apply to the present and future respective heirs, executors, administrators, parents, subsidiaries, affiliates, successors and assigns of the parties.

7.  **Non-Disparagement**

The plaintiff and the defendants agree that they shall not act in any manner that might damage the business or reputation of the other, including but not limited to, making disparaging or detrimental comments, statements or the like about the other in their professional and/or personal capacity to the media or otherwise.

8.  **Advice of Counsel**

The Parties acknowledge that they have each had an opportunity to receive advice from counsel of their choosing about the terms and legal effect of this Agreement. The Parties hereby represent and acknowledge that they have each consulted with their respective attorneys about this Agreement before signing it and that their respective attorneys have addressed any questions or concerns that they may have regarding this Agreement.

9.  **Discontinuance of Claims**

Plaintiff acknowledges and agrees that he is not presently aware of any legal proceeding other than the Action. Plaintiff agrees to dismiss, with prejudice, the Action with the form annexed hereto as Exhibit A ("Stipulation"), which will be filed within 3 days after the time Hang & Associates, PLLC's receipt of the settlement payment.

10. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 11.     Severability Clause

If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the parties, as determined from the fact of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision, provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in this Agreement are illegal, void, or unenforceable or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable or return the Settlement Amount paid under this Agreement at the sole discretion of the Defendants.

### 12.     Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New Jersey, regardless of conflicts of laws principles. Any dispute claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court of New Jersey, with the prevailing party being awarded reasonable attorneys' fees and costs.

### 13.     Counterparts

This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

**EACH PARTY STATES THAT: (1) EACH HAS READ THIS AGREEMENT AND/OR THAT THIS AGREEMENT HAD BEEN TRANSLATED BY SOMEONE COMPETENT AND CAPABLE OF PROVIDING SUCH TRANSLATION IN THEIR NATIVE LANGUAGE; (2) EACH UNDERSTANDS ITS TERMS; (3) AND EACH KNOWINGLY AND VOLUNTARILY INTENDS TO BE BOUND THEREBY.**

**IN WITNESS WHEREOF**, the parties have executed this Settlement Agreement on the above date, and each party hereby acknowledge that this Settlement Agreement shall be binding upon the parties hereto and their respective heirs, executors, administrators, successors and assigns.

[PURPOSELY LEFT BLANK]

**DAO FENG WANG**

Dated: February 2, 2020

By: _[signature]_

_____
DAO FENG WANG (Plaintiff)

**MAY BAO**

Dated: February 4, 2020

By: _May Bao_

_____
MAY BAO (Defendant)

**SHENG LE CHEN**

Dated: February 4, 2020

By: _[signature]_

_____
SHENG LE CHEN (Defendant)

**QING CHI CAI**

Dated: February 4, 2020

By: _Qingchi Cai_

_____
QING CHI CAI (Defendant)

**JIAN TU**

Dated: February _1L_, 2020

By: _____
JIAN TU

**HE CHENG RESTAURANT CORP.**
**D/B/A/ AYAME HIBACHI & SUSHI,**

Dated: February _4_, 2020

By: _____
JIAN TU FOR
HE CHENG RESTAURANT CORP.
D/B/A/ AYAME HIBACHI & SUSHI, (Defendant)

**PING AN XI LE INC.,**
**D/B/A AYAME HIBACHI & SUSHI,**

Dated: February _4_, 2020

By: _____
MAY BAO FOR
PING AN XI LE INC.,
D/B/A AYAME HIBACHI & SUSHI, (Defendant)

## EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------x
DAO FENG WANG, *on behalf of himself and others similarly situated,*

                              Plaintiff,

v.

HE CHENG RESTAURANT CORP. D/B/A/ AYAME HIBACHI & SUSHI, PING AN XI LE INC., D/B/A AYAME HIBACHI & SUSHI, JIAN TU, SHENG LE CHEN, BAO MAY, AND QING CHI CAI

                              Defendants.
-----------------------------------------------------------x

Case No. 2:19-CV-20397-JMV-JAD

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action shall be and hereby is dismissed, with prejudice, and without costs or attorneys' fees to any party. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

Dated: February ___, 2020

/s/ Heng Wang_____

Wang, Gao & Associates, PC.

By Heng Wang, Esq
*Attorneys for Defendants*
36 Bridge Street
Metuchen, NJ 08840

/s/_____

Hang & Associates, PLLC
By Qinyu Fan. Esq.
*Attorneys for Plaintiff*
136-20 38th Ave #10g Flushing, Ny 11354

8

**SO ORDERED:**

_____

United States Magistrate/District Judge
Date: _____, 2020

Case 2:19-cv-20397-JMV-JAD    Document 6    Filed 02/04/20    Page 9 of 9 PageID: 37