**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAO FENG WANG,<br><br>    Plaintiff,<br><br>v.<br><br>PING AN XI LEE, INC., et al.<br><br>    Defendants. | Civil Action No.: 19-20397 (JMV) (JAD)<br><br><br><br>ORDER |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court by way of the parties' joint application for approval of their settlement agreement. (ECF No. 9). Having carefully considered the parties' letter brief, as well as the settlement agreement attached thereto and the balance of the docket for this matter; and for good cause shown; and

**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

**WHEREAS**, in this action, Plaintiff alleges that Defendants failed to pay him a statutorily required minimum wage and to properly compensate him for certain job-related expenses. (See generally Compl., ECF No. 1). Plaintiff therefore filed a Complaint asserting claims under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq.; (Id.); and

**WHEREAS**, on or about February 4, 2020, the parties advised the Court that they had settled their claims; (ECF No. 6); and

**WHEREAS**, at the Court's direction, (ECF No. 7), the parties filed an application seeking the Court's approval of their settlement; (ECF No. 9); and

**WHEREAS** the parties' Settlement Agreement and Release (the "Settlement Agreement")

provides, in pertinent part, that Plaintiff agrees to settle his claims in exchange for a payment of $8,000.00, inclusive of attorneys' fees and costs; (Settlement Agreement at 1, ECF No. 9-1); and

**MOTION FOR APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT**

**WHEREAS**, the Court notes that "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Although it appears that the United States Court of Appeals for the Third Circuit has not yet addressed whether such approval is required, "'district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary'" for settlements in FLSA cases involving claims for unpaid wages. Rabbenou v. Dayan Foods, Ltd., No. 17-1330 (ES), 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017) (quoting Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015)). This includes claims settled on an individual, rather than a collective, basis. See Rabbenou, 22017 WL 3315263, at *1; Morales v. PepsiCo, Inc., No. 11-6275 (AET), 2012 WL 870752, at *1 (D.N.J. Mar. 12, 2012). "A court should approve a settlement agreement if it is fair and resolves a bona fide dispute." Castaldo v. McLoone's Asbury Park, LLC, No. 14-5741 (WJM), 2015 U.S. Dist. LEXIS 67644, at *2-3 (D.N.J. May 26, 2015); accord Rabbenou, 2017 WL 3315263, at *1; Morales, 2012 WL 870752, at *1. Moreover, "[w]hen analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements." Castaldo, 2015 U.S. Dist. LEXIS 67644, at *3 (citing Farris v. JC Penny Co., 176 F.3d 706, 711 (3d Cir. 1999)); and

**WHEREAS**, first, the Court concludes that the parties' settlement resolves a bona fide dispute. Defendants argue that Plaintiff's claims are without merit, and that they would litigate

2

this case (and produce evidence and witness testimony rebutting Plaintiff's claims) if the case did not settle; (March 3, 2020 Letter Br. at 2, ECF No. 9); and

**WHEREAS**, second, the Court concludes that the Settlement Agreement is fair and reasonable. As noted above, Defendant have agreed to pay, and Plaintiff has agreed to accept, a total of $8,000. (Settlement Agreement at 1, ECF No. 9-1). In exchange, Plaintiff will release all claims (both existing and potential claims) regarding his employment with Defendants. (Id.). The Court notes that the parties negotiated this settlement, at arm's length, with the assistance of counsel. (March 3, 2020 Letter Br. at 1, ECF No. 9). While Plaintiff's Complaint does not specify the total amount of damages he seeks, Plaintiff's actual damages appear, by the Court's rough calculations, to have a maximum value of approximately $36,000.00. This number accounts for Plaintiff's alleged out-of-pocket expenses as well as for the wages Defendants allegedly failed to pay over the course of Plaintiff's 25 months of employment, and assumes Plaintiff is fully entitled to each item of damages claimed. The Court makes no findings regarding Plaintiff's right to such damages. Considering Defendants' arguments regarding their liability and Plaintiff's potential damages, as well as the early stage of this case and the parties' desire to avoid further litigation, the Court finds that the $8,000 settlement amount is fair and reasonable;

**IT IS** on this 9th day of March, 2020,

**ORDERED** that the parties' joint application for judicial approval of their Settlement Agreement, (ECF No. 9), is **GRANTED**; and it is further

**ORDERED** that the Court approves the parties' Settlement Agreement. (ECF No. 9-1).

_____
JOSEPH A. DICKSON, U.S.M.J.

3